Thomas W. NELSON, Plaintiff-Respondent-Petitioner,

AMERICAN FAMILY MUTUAL INSURANCE COMPANY and
Wisconsin Physicians Service Insurance Corporation,
Plaintiffs-Respondents,

v.

John L. MCLAUGHLIN, and Mutual Service Casualty
Company, Defendants-Appellants.

Supreme Court

*No. 95–3391. Oral argument May 28, 1997.—Decided July 2,
1997.*

(Also reported in 565 N.W.2d 123.)

ABRAHAMSON, C.J., dissents.
BABLITCH and BRADLEY, J.J., join.

For the plaintiff-respondent-petitioner there were briefs by *Toby E. Marcovich, George L. Glonek* and *Marcovich, Cochrane & Milliken,* Superior and oral argument by *Toby E. Marcovich.*

For the defendants-appellants there was a brief by *Jeffrey A. Schmeckpeper, Christine D. Bakeis* and *Kasdorf, Lewis & Swietlik, S.C.,* Milwaukee and oral argument by *Jeffrey A. Schmeckpeper.*

Amicus curiae was filed by *Jason W. Whitely* and *Erspamer Law Office,* Amery for the Wisconsin Academy of Trial Lawyers.

¶ 1. N. PATRICK CROOKS, J. Thomas W. Nelson (Nelson) seeks review of a published decision of the court of appeals which reversed an Order for Judgment of the Circuit Court for Douglas County, Joseph A. McDonald, Judge.[1] In the circuit court, Nelson filed suit against John L. McLaughlin (McLaughlin) and McLaughlin's insurer, Mutual Service Casualty Company (Mutual Service), for damages Nelson suffered in an automobile accident. Prior to trial, Nelson offered to settle the entire case for the policy limits of $100,000, but the offer was rejected. Subsequently, the jury awarded Nelson $507,407.40 in damages. Accordingly, pursuant to Wis. Stat. § 807.01(4) (1993–94),[2] Nelson

---

[1] *See Nelson v. McLaughlin,* 205 Wis. 2d 460, 462–63, 556 N.W.2d 130 (Ct. App. 1996). The court of appeals also rejected John L. McLaughlin's claim that the evidence was not sufficient to sustain the jury verdict. *Id.* at 464–66. This issue is not before us on review.

[2] Section 807.01(4) provides:

> If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the

was entitled to 12% interest on the amount recovered from the date of the offer of settlement until the amount was paid.

¶ 2. The sole issue on review is whether Mutual Service is liable for interest owed under Wis. Stat. § 807.01(4) on the entire verdict of $507,407.40, rather than its policy limits of $100,000. The court of appeals, applying its recent decision in *Blank v. USAA Property & Cas. Ins. Co.*, 200 Wis. 2d 270, 546 N.W.2d 512 (Ct. App. 1996), held that the circuit court improperly imposed interest on the entire verdict against Mutual Service. We agree with the court of appeals that Mutual Service is liable for interest imposed under § 807.01(4) only on its policy limits. This conclusion is based on: (1) the legislature's choice of the phrase "amount recovered" instead of "verdict" or "judgment" in § 807.01(4); and (2) the fact that if "amount recovered" is interpreted to mean the entire verdict, insurers will be forced to settle cases that would be more appropriately resolved at trial. We emphasize that our interpretation of "amount recovered" will not encourage insurers to deny settlement offers in reckless disregard of their insureds' interests, because the availability of a bad faith claim provides a substantial deterrent against insurers engaging in such practices.

¶ 3. In addition, we acknowledge that an insurer may, pursuant to its insurance contract, agree to pay interest imposed under Wis. Stat. § 807.01(4) on damages above its policy limits. However, in this case, we conclude that Mutual Service did not agree to pay

amount recovered from the date of the offer of settlement until the amount is paid. Interest under this section is in lieu of interest computed under ss. 814.04(4) and 815.05(8).

All future references are to the 1993–94 Statutes unless otherwise indicated.

interest on damages above its policy limits, and that this provision of its insurance contract with McLaughlin does not contravene Wisconsin law or public policy. Accordingly, we affirm the decision of the court of appeals.

## I.

¶ 4. The pertinent facts are undisputed. On May 3, 1990, an accident occurred involving motor vehicles operated and owned by Nelson and McLaughlin. At the time of the accident, Mutual Service insured McLaughlin under a car insurance policy that contained a bodily injury liability limit of $100,000 per person. The policy also contained the following provision:

> We will pay damages for bodily injury. . .for which any insured becomes legally responsible because of an accident. . . . We will settle or defend, **as we consider appropriate**, any claim or suit asking for these damages.

(R.68, exhibit 24, at 3) (emphasis added; emphasis from policies omitted.) Therefore, pursuant to this provision, Mutual Service had control over the litigation, including settlement.

¶ 5. On December 11, 1992, Nelson filed suit against McLaughlin and Mutual Service, alleging damages for pain and suffering, loss of wages, and medical expenses. Subsequently, Mutual Service conceded that McLaughlin was liable to Nelson; therefore, the only remaining issue was the extent of Nelson's damages. However, Mutual Service decided to contest this issue, because it believed that surgery performed on Nelson's back in 1993 was not necessary to alleviate symptoms caused by the accident, but instead to alleviate symp-

toms of Schurmann's disease, a preexisting degenerative disc disease.

¶ 6. On November 21, 1994, pursuant to Wis. Stat. § 807.01, Nelson served a formal offer of settlement, whereby Nelson offered to settle the litigation against both Mutual Service and McLaughlin for the $100,000 policy limits. This offer was not accepted.

¶ 7. On August 29, 1995, through August 31, 1995, a jury trial was held on the issue of damages. The jury returned a unanimous verdict against Mutual Service and McLaughlin in the total amount of $507,407.40. Since Nelson's offer of settlement, was not accepted, and the verdict was greater than or equal to the amount specified in the offer, Nelson was entitled to 12% interest on the amount recovered from the date of the offer of settlement until the amount was paid, pursuant to Wis. Stat. § 807.01(4).

¶ 8. In its motions after verdict, Mutual Service argued that, pursuant to *McPhee v. American Motorists Ins. Co.*, 57 Wis. 2d 669, 205 N.W.2d 152 (1973), it was not liable for interest on the entire verdict because the following language from the insurance policy was controlling:

> In addition to our limit of liability we will pay for an insured:
>
> . . .
>
> 4. Interest on all damages owed by an insured as the result of a judgement until we pay, offer or deposit in court the amount due under this coverage. **Interest will be paid only on damages which do not exceed our policy limits**.

(R.68, exhibit 24, at 3) (emphasis added; emphasis from policies omitted.) Mutual Service therefore contended that it was liable for interest only on its policy limits.[3]

¶ 9. At a motion hearing held on November 21, 1995, the circuit court rejected Mutual Service's argument. The circuit court held that Mutual Service was responsible for interest on the entire verdict, based on *Knoche v. Wisconsin Mut. Ins. Co.*, 151 Wis. 2d 754, 445 N.W.2d 740 (Ct. App. 1989). Accordingly, on November 28, 1995, the circuit court entered judgment against Mutual Service in the amount of $100,000, together with double taxable costs and disbursements pursuant to Wis. Stat. § 807.01(3), 12% interest on the jury verdict of $507,407.40 from November 21, 1994 through October 24, 1995, and further interest until the judgment was paid. The circuit court also entered judgment against McLaughlin in the amount of $407,407.40.

¶ 10. Mutual Service appealed, and the court of appeals reversed the circuit court's order. *Nelson v. McLaughlin*, 205 Wis. 2d 460, 467–68, 556 N.W.2d 130

---

[3] We acknowledge that, beginning with this motion after verdict, Mutual Service's interests have been directly contrary to McLaughlin's interests in regard to the issue of interest under Wis. Stat. § 807.01(4). Although it therefore may be arguable that Mutual Service had a duty to provide McLaughlin with a separate attorney at this point in the litigation, this issue is not before us on review. *See Nelson*, 205 Wis. 2d at 467 n.3. Moreover, although McLaughlin did not have separate counsel representing his interests before this court, Nelson's attorney stated during oral arguments that he is in effect representing McLaughlin's interests, since McLaughlin assigned his bad faith claim against Mutual Service to Nelson. We agree that Nelson's attorney in effect has represented McLaughlin's interest before this court, and therefore conclude that both sides of this controversy have been adequately presented to us for our consideration.

(Ct. App. 1996). In making its determination, the court of appeals relied exclusively on its recent decision in *Blank*, in which it held that Wis. Stat. § 807.01(4) "merely allows a trial court to impose interest against a party on the 'amount recovered' against that party."[4] *See Nelson*, 205 Wis. 2d at 468 (explaining *Blank*). Applying *Blank*, the court of appeals held that, under § 807.01(4), Mutual Service could only be held liable for interest on its policy limits. *Id.* In addition, the court concluded that it was "unnecessary to address Mutual Service's argument that its contract with McLaughlin denied coverage for penalty interest on amounts above the policy limits." *Id.* at 468 n.6.

## II.

¶ 11. The issue of whether Mutual Service is liable for interest on the entire verdict involves the interpretation and application of Wis. Stat. § 807.01(4). Interpretation and application of a statute to undisputed facts is a question of law, reviewable *de novo*. *See, e.g., Sievert v. American Family Mut. Ins. Co.*, 190 Wis. 2d 623, 628, 528 N.W.2d 413 (1995); *Chang v. State Farm Mut. Auto. Ins. Co.*, 182 Wis. 2d 549, 560, 514 N.W.2d 399 (1994).

¶ 12. The goal of statutory interpretation is to ascertain and give effect to the legislature's intent. *See, e.g., Lake City Corp. v. City of Mequon*, 207 Wis. 2d 156, 163, 558 N.W.2d 100 (1997); *DeMars v. LaPour*, 123 Wis. 2d 366, 370, 366 N.W.2d 891 (1985). If the meaning of a statute is clear from its language, we are

---

[4] *Blank* had not been decided at the time the circuit court rendered its decision.

prohibited from looking beyond such language. *See, e.g., Stockbridge School Dist. v. DPI*, 202 Wis. 2d 214, 220, 550 N.W.2d 96 (1996) (quoting *Jungbluth v. Hometown, Inc.*, 201 Wis. 2d 320, 327, 548 N.W.2d 519 (1996)). However, if the language of a statute is ambiguous, we must look at the history, scope, context, subject matter, and object of the statute to discern legislative intent. *See, e.g., Lake City Corp.*, 207 Wis. 2d at 164; *DeMars*, 123 Wis. 2d at 370. Statutory language is ambiguous if reasonably well-informed individuals could differ as to its meaning. *Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 662, 539 N.W.2d 98 (1995); *Wagner Mobil, Inc. v. City of Madison*, 190 Wis. 2d 585, 592, 527 N.W.2d 301 (1995).

¶ 13. When interpreting a statute, this court is guided by several principles. First, in the absence of a statutory definition, "[a]ll words and phrases shall be construed according to common and approved usage; but technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning." *Wagner Mobil, Inc.*, 190 Wis. 2d at 591 (quoting Wis. Stat. § 990.01(1)). Second, where the legislature uses similar but different terms in a statute, particularly within the same section, it is presumed that the legislature intended such terms to have different meanings. *Armes v. Kenosha County*, 81 Wis. 2d 309, 318, 260 N.W.2d 515 (1977); *Calaway v. Brown County*, 202 Wis. 2d 737, 758–59, 553 N.W.2d 809 (Ct. App. 1996); *American Motorists Ins. Co. v. R & S Meats, Inc.*, 190 Wis. 2d 196, 214, 526 N.W.2d 791 (Ct. App. 1994). Third, this court must interpret a statute in a manner that avoids an absurd or unreasonable result. *See, e.g., Lake City Corp.*, 207 Wis. 2d at 163; *DeMars*, 123 Wis. 2d at 370.

496

¶ 14. This case also involves the interpretation of an insurance policy. In the absence of extrinsic evidence, we determine the interpretation of an insurance policy as a matter of law, without deference to the lower courts. *See, e.g., Sprangers v. Greatway Ins. Co.*, 182 Wis. 2d 521, 532, 514 N.W.2d 1 (1994). In general, the interpretation of an insurance policy is controlled by principles of contract construction. *See, e.g., Kuhn v. Allstate Ins. Co.*, 193 Wis. 2d 50, 60, 532 N.W.2d 124 (1995); *McPhee v. American Motorists Ins. Co.*, 57 Wis. 2d 669, 673, 205 N.W.2d 152 (1973). A court must construe and enforce an insurance policy in conformity with the parties' intentions. *See, e.g., Maas v. Ziegler*, 172 Wis. 2d 70, 79, 492 N.W.2d 621 (1992); *McPhee*, 57 Wis. 2d at 673. "Of primary importance is that the language of an insurance policy should be interpreted to mean what a reasonable person in the position of the insured would have understood the words to mean." *General Cas. Co. v. Hills*, 209 Wis. 2d 167, 175, 561 N.W.2d 718 (1997) (quoting *Sprangers*, 182 Wis. 2d at 536); *accord, e.g., McPhee*, 57 Wis. 2d at 676.

## III. STATUTORY INTERPRETATION OF WIS. STAT. § 807.01(4)

### A.

¶ 15. We first consider whether Mutual Service is liable for interest on the entire verdict pursuant to Wis. Stat. § 807.01(4). Section 807.01(4) provides:

> If there is an offer of settlement by a party under this section which is not accepted and the party recovers a **judgment** which is greater than or equal to the amount specified in the offer of settlement,

the party is entitled to interest at the annual rate of 12% on the **amount recovered** from the date of the offer of settlement until the amount is paid. Interest under this section is in lieu of interest computed under ss. 814.04(4) and 815.05(8).

(Emphasis added.) The parties dispute the meaning of the phrase "amount recovered." Nelson argues, and the circuit court agreed, that "amount recovered" means the entire verdict awarded against Mutual Service and McLaughlin. Mutual Service argues, and the court of appeals agreed, that "amount recovered" means only that portion of the verdict for which it is responsible, i.e., the judgment entered against it, not including double costs. We conclude that reasonably well-informed individuals could interpret the phrase "amount recovered" in either way; therefore, this statutory language is ambiguous. *See Blank,* 200 Wis. 2d at 279–80.

¶ 16. Although the parties and lower courts have primarily focused on the meaning of "amount recovered," Wis. Stat. § 807.01(4) contains other language that is relevant to our determination. Specifically, § 807.01(4) begins by indicating that interest is available when a party's pretrial settlement offer is rejected and the party subsequently "recovers a **judgment** which is greater than or equal to the amount specified in the offer of settlement." § 807.01(4) (emphasis added). Next, § 807.01(4) provides that the 12% interest award shall be calculated "on the **amount recovered** until the amount is paid." § 807.01(4) (emphasis added). Accordingly, in the very same sentence of § 807.01(4), the legislature used the distinct

498

legal term "judgment"[5] and the phrase "amount recovered."

¶ 17. The court of appeals considered this highly relevant in another case involving the interpretation of Wis. Stat. § 807.01(4). In *American Motorists Ins. Co.*, the court considered whether "amount recovered" in § 807.01(4) includes the double costs portion of a judgment.[6] *Id.* at 212–15. The court concluded that if the legislature had intended the later phrase "amount recovered" in § 807.01(4) to equate with the prior word "judgment," the legislature would have simply used the same word. *Id.* at 214. Thus, the court concluded that "amount recovered" does not include double costs. *Id.* We agree with this reasoning, and therefore presume

[5] A "judgment" is "[t]he official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination." *Black's Law Dictionary* 841 (6th ed. 1990). In this case, the judgment against Mutual Service was in the amount of $100,000, plus double costs and disbursements, 12% interest under § 807.01(4), and further interest until the judgment was paid.

[6] We acknowledge, however, that the court in *American Motorists Ins. Co.* wrongly concluded that Wis. Stat. § 807.01(4) was enacted by an order of this court. *See American Motorists Ins. v. R & S Meats, Inc.*, 190 Wis. 2d 196, 213–14, 526 N.W.2d 791 (1994). Although Wis. Stat. § 807.01 was initially enacted by a supreme court order, *see Wisconsin Rules of Civil Procedure*, 67 Wis. 2d 741–42 (1976), subsection (4) was enacted solely by the legislature. *See* 1979 Wis. Laws ch. 271. However, since the court in *American Motorists Ins. Co.* applied traditional principles of statutory construction in reaching its holding, its analysis is sound despite this error.

In addition, note that in our discussion of *American Motorists Ins. Co.*, we have replaced the words "supreme court" with the word "legislature."

that the legislature did not intend "amount recovered" to mean "judgment." *See id.; see also Armes*, 81 Wis. 2d at 318; *Calaway*, 202 Wis. 2d at 758–59.

¶ 18. In addition, we find further guidance as to the meaning of "amount recovered" in Wis. Stat. § 814.04(4), which is explicitly referred to in Wis. Stat. § 807.01(4), and is closely interrelated to § 807.01(4) regarding the calculation of interest on a verdict. Section 814.04(4) provides: "Except as provided in s. 807.01(4), if the judgment is for the recovery of money, interest at rate of 12% per year from the time of **verdict**, decision or report until judgment is entered shall be computed by the clerk and added to the costs."[7] (Emphasis added.) Accordingly, in § 814.04(4), the legislature used the distinct legal term "verdict."[8] Moreover, in the very same bill in which it amended § 814.04(4), the legislature created Wis. Stat. § 807.01(4), using similar but different words "amount recovered." *See* 1979 Senate Bill 533; 1979 Wis. Laws ch. 271.

---

[7] Although this court renumbered ch. 271 as ch. 814 in 1975, *see* Wisconsin Rules of Civil Procedure, 67 Wis. 2d 761, and deleted the phrase "guardian ad litem fees" from Wis. Stat. § 271.04(2) (now § 814.04(2)) in 1971, *see* 50 Wis. 2d xv (1971), the language of § 814.04(4) originates from the legislature. In fact, the legislature's use of the word "verdict" in § 814.04(4) predates this court's amendments to § 814.04. *See* § 271.04(4) (1969) (now § 814.04(4)).

[8] A "verdict" is "[t]he formal decision or finding made by a jury, impaneled and sworn for the trial of a cause, and reported to the court (and accepted by it), upon the matters or questions duly submitted to them upon the trial." *Black's Law Dictionary* 1559 (6th ed. 1990). In this case, the verdict against Mutual Service, along with McLaughlin, was in the amount of $505,407.74.

¶ 19. It is therefore clear that the legislature knew how to use the precise legal terms "judgment" and "verdict" in regard to the calculation of interest. *See* Wis. Stats. §§ 807.01(4) & 814.04(4). Consequently, if it had intended interest owed under § 807.01(4) to be calculated on the amount of the entire verdict, it could have easily used the term "verdict" instead of "amount recovered." Thus, the language of §§ 807.01(4) and 814.04(4), along with *American Motorists Ins. Co.*, strongly supports Mutual Service's contention that "amount recovered" does not mean the entire verdict, but instead means that portion of the verdict for which a party is responsible.[9]

## B.

¶ 20. We do not end our inquiry here, however, because we must ensure that this interpretation furthers the purpose of Wis. Stat. § 807.01(4). It is well-settled that Wis. Stat. § 807.01 is intended to encourage pretrial settlement. *See DeMars*, 123 Wis. 2d at 373; *Graves v. Travelers Ins. Co.*, 66 Wis. 2d 124, 140, 224 N.W.2d 398 (1974); *Gorman v. Wausau Ins. Cos.*, 175 Wis. 2d 320, 328, 499 N.W.2d 245 (Ct. App. 1993). Yet, it is also clear that the purpose of § 807.01(4) is not to force a party into settlement of a

---

[9] This interpretation is a logical one, as is demonstrated by the following example. Suppose that, in this case, Nelson had filed suit only against Mutual Service pursuant to Wisconsin's direct action statute, Wis. Stat. § 632.24. The verdict would be in the amount of $507,407.40; however, Nelson would only receive $100,000, in addition to costs and interest. In such a situation, the "amount recovered" could not possibly be equated with the entire verdict, since Nelson would never recover more than Mutual Service's policy limit, along with costs and interest.

suit that would more appropriately be resolved by a trial. *See DeMars*, 123 Wis. 2d at 373–74; *Blank*, 200 Wis. 2d at 280.

¶ 21. In *Blank*, the court of appeals considered it significant that Wis. Stat. § 807.01(4) is intended to encourage, but not force, pretrial settlements. 200 Wis. 2d at 280. In particular, the court determined that if it were to construe "amount recovered" to mean the entire verdict, this construction would force pretrial settlement of cases that would more appropriately be resolved by a trial. *Id.* The court indicated:

> Where the insurer provides modest policy limits, where the insured's liability is fairly debatable or even highly debatable, and where the damages are manifestly immense, what insurer could refuse an offer of settlement? Were we to adopt the plaintiff's interpretation of § 807.01(4), STATS., the consequence for trying a valid liability issue may be an added liability for millions of dollars of interest.

*Id.* Accordingly, the court held that § 807.01(4) "imposes penalty interest upon **the insurer for the amount recovered against it under its policy limits** from the date of the offer." *Id.* at 283 (emphasis added).

¶ 22. We agree with the *Blank* court that if "amount recovered" in Wis. Stat. § 807.01(4) is interpreted to mean the entire verdict, insurers which provide modest policy limits will be compelled to accept pretrial settlement offers rather than risk substantial liability for interest, even where the insured's liability is questionable or the appropriate amount of damages is highly debatable. For example, consider the following hypothetical:

Insured is involved in an automobile accident. It appears likely that the third party's damages total $1,000,000; however, the insured's liability for such damages is highly debatable. The third party offers to settle the entire litigation for $25,000, which is the insurer's policy limits. The insurer wants to go to trial because it believes that its insured was not at fault. However, the insurer is compelled to settle because of the substantial interest it would be liable for under § 807.01(4) if the jury returned a verdict against its insured.

Consequently, if "amount recovered" were interpreted to mean the entire verdict, insurers would be unreasonably forced to settle cases that would be more appropriately resolved by a trial. *See Blank*, 200 Wis. 2d at 280. Thus, this interpretation must be avoided. *See, e.g., DeMars*, 123 Wis. 2d at 370 (court must interpret statute in manner that avoids unreasonable result).

¶ 23. The dissent, however, concludes that *Blank* "should be read as condemning only an offer that unreasonably forces settlement, that is, an offer which the offeree cannot fairly assess in terms of its total individual liability to the litigant offering settlement." Dissenting op. at 517.[10] However, the dissent ignores

[10] In *Blank*, USAA Property & Casualty Insurance Company (USAA) rejected a pretrial settlement offer for its liability policy limits of $100,000.00. *Blank v. USAA Property & Cas. Ins. Co.*, 200 Wis. 2d 270, 275, 546 N.W.2d 512 (Ct. App. 1996). The jury subsequently returned a verdict in favor of the plaintiff for $7,500,000; therefore, the plaintiff was entitled to interest under Wis. Stat. § 807.01(4). *Id.* In *Blank*, USAA was able to fairly assess the offer of settlement, since the offer was made by a single plaintiff to a single defendant. *See generally DeMars v. LaPour*, 123 Wis. 2d 366, 373, 366 N.W.2d 891 (1985). In addition, counsel for Mutual Service conceded that liability policies

503

precedent which establishes that a party is **unreasonably** forced to settle under § 807.01(4) when forced "into settling suits which would be more appropriately resolved at trial," *DeMars*, 123 Wis. 2d at 374, which includes suits in which damages or liability are debatable, *see Blank*, 200 Wis. 2d at 280. In addition, the dissent ignores the fact that this court cannot look at the present case in isolation, but instead must consider the impact of its decision in future cases. As was true of the *Blank* court, *see id.*, we are persuaded by the fact that if "amount recovered" in Wis. Stat. § 807.01(4) is interpreted to mean entire verdict, insurers in the future will be unreasonably forced to settle cases that should be resolved by a trial.

¶ 24. Furthermore, the dissent attempts to distinguish *Blank* by concluding that "amount recovered" means the entire verdict only when "an insurance company has the sole right and ability to settle an entire litigation, yet rejects **on behalf of itself and its insured** a plaintiff's offer. . . ." Dissenting op. at 527 (emphasis added). Accordingly, the dissent concludes that "amount recovered" means that portion of a verdict for which an insurer is liable, so long as the insurer rejected a settlement offer that would have released only the insurer, which was the situation in *Blank*. However, where the insurer rejected a settlement offer that would have released both it and its insured, as is

---

generally contain a provision giving the insurer control over litigation; therefore, USAA likely had exclusive control over settlement. The only difference between the present case and *Blank* is that, in *Blank*, the offer would not have released the insured. *Blank*, 200 Wis. 2d at 275. The dissent, however, fails to explain adequately why *Blank* is distinguishable because of this factual distinction, or why this factual distinction has any bearing in the present case.

the situation here, the dissent concludes that "amount recovered" means the entire verdict. The dissent does not adequately explain why these different interpretations of "amount recovered" are "consistent with the text of the statute" and "mandated by the principles developed and followed in prior decisions interpreting § 807.01 . . . ." *Id.*[11]

¶ 25. We cannot conclude that Wis. Stat. § 807.01(4) has a different meaning depending on these facts. Section 807.01(4) is devoid of any indication that the legislature intended to impose interest differently on an insurer that rejects a settlement offer releasing both the insurer and insured, as opposed to an insurer that rejects a settlement offer releasing only the insurer. Moreover, there is no indication that the legislature intended to impose interest differently on insurers as opposed to other parties in civil actions.

¶ 26. Thus, we conclude that the legislature could not have intended "amount recovered" in Wis. Stat. § 807.01(4) to have a different meaning depending on the type of settlement offer that was refused by an insurer. Instead, we hold that "amount recovered" in § 807.01(4) means that portion of the verdict for which a party is responsible, i.e., the judgment entered against the party, not including double costs. This conclusion is based on the legislature's use of the phrase "amount recovered" instead of "verdict" or "judgment" in § 807.01(4), as well as the fact that application of the

[11] The dissent further fails to explain adequately why, under Wis. Stat. § 807.01(4), it is reasonable to force settlement where the plaintiff makes a settlement offer that would release the insurer and insured, but unreasonable to force settlement where the plaintiff makes a settlement offer that would release only the insurer.

dissent's interpretation would unreasonably force settlement in future cases.

¶ 27. Our interpretation of "amount recovered" in Wis. Stat. § 807.01(4) is entirely consistent with *Knoche*. In *Knoche*, the court of appeals considered whether the insurer was liable for interest from the date of the settlement offer under Wis. Stat. § 807.01(4), or whether it was liable only for interest from the date of judgment under its insurance contract. 151 Wis. 2d at 760. The court held that the insurer was liable for interest from the date of the settlement offer under § 807.01(4), and could not free itself of this obligation by contract.[12] *Id.* The *Knoche* court also considered whether the insurer was liable for interest imposed under Wis. Stat. § 807.01(4) on amounts above its policy limits. *Id.* at 760–61. The court concluded that the insurer was liable for interest above its policy limits pursuant to the language of the insurance contract. *Id.* at 761. Accordingly, the court did not conclude whether the insurer was liable for such interest pursuant to § 807.01(4), since resolution of this question was unnecessary. Thus, *Knoche* does not "resolve[ ] the question presented in the case at bar." Dissenting op. at 524.

¶ 28. In addition, we stress that because a claim for bad faith may be brought where an insurer breaches its duty to settle in good faith, *see Mowry v. Badger State Mut. Cas. Co.*, 129 Wis. 2d 496, 510–18, 385 N.W.2d 171 (1985), application of our interpretation of Wis. Stat. § 807.01(4) will not encourage insurers to deny settlement offers in reckless disregard

---

[12] Mutual Service has never contended that it is liable for interest under Wis. Stat. § 807.01(4) from the date of judgment instead of the date of the settlement offer; therefore, this portion of *Knoche* is not controlling here.

of their insureds' interests. Specifically, where an insured can show by clear and convincing evidence that its insurer rejected a pretrial settlement offer without a reasonable basis for doing so, and it knew or recklessly disregarded this lack of a reasonable basis, the insurer will be liable for all damages that flow from its breach of the duty to settle in good faith. *See id.* at 515–16. Accordingly, we conclude that the availability of a bad faith claim will substantially deter insurers from engaging in such practices.

## IV. INTERPRETATION OF THE INSURANCE POLICY

¶ 29. Although we have concluded that Mutual Service is not liable for interest on the entire verdict pursuant to Wis. Stat. § 807.01(4), it nonetheless may be liable for interest on the entire verdict pursuant to its insurance contract with McLaughlin. "Parties are at liberty to enter insurance contracts which specify the coverage afforded by the contract as long as the contract terms do not contravene state law or public policy." *Rural Mut. Ins. Co. v. Peterson*, 134 Wis. 2d 165, 170, 395 N.W.2d 776 (1986); *accord McPhee*, 57 Wis. 2d at 155. Accordingly, we must examine Mutual Service's insurance contract with Nelson, in order to determine whether Mutual Service agreed to pay interest imposed under § 807.01(4) on the amount of the entire verdict.

¶ 30. The insurance policy at issue contains the following relevant provision:

> In addition to our limit of liability we will pay for an insured:
>
> . . .

4. Interest on **all damages** owed by an insured as the result of a judgement until we pay, offer or deposit in court the amount due under this coverage. **Interest will be paid only on damages which do not exceed our policy limits**.

(R.68, exhibit 24, at 3) (emphasis added; emphasis from policies omitted.) Although this provision initially states that Mutual Service will be liable for interest on "all damages," this phrase is qualified in the subsequent sentence, which specifies that "all damages" means only those damages that do not exceed the policy limits. We conclude, therefore, that this provision unambiguously states that Mutual Service is not liable for interest on damages that exceed the policy limits.

¶ 31. This conclusion is consistent with precedent. Specifically, in *McPhee*, we considered whether an insurer was liable for interest on that portion of a judgment that was in excess of its policy limits. We concluded that determination of this issue depended on the language of the insurance contract. 57 Wis. 2d at 672–73. The policy provided that the insurer would pay "**all interest** accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon." *Id.* at 673 (emphasis added). The court determined that a reasonable person in the position of the insured would understand this language to mean that the insurer was liable for interest on the entire judgment, since the phrase "all interest" connotes "all interest on the judgment, whatever its amount in relation to the policy limits." *Id.* at 677.

¶ 32. Likewise, as previously explained, the *Knoche* court concluded that the insurer was liable for interest imposed under Wis. Stat. § 807.01(4) above its

508

policy limits "because under its contract it is liable for interest on the entire amount of the judgment." 151 Wis. 2d at 761. Specifically, the insurance policy provided that the insurer would pay "[a]ll **interest** on the entire amount of any judgment which accrues after entry of the judgment." *Id.* at 760 (emphasis added). The court, relying exclusively on *McPhee,* concluded that "such language created liability upon the insurer for interest upon the entire amount of the judgment." *Id.* at 761.

¶ 33. Both *McPhee* and *Knoche* are distinguishable from the present case. Mutual Service did not agree to pay "all interest" without any qualification. Instead, the insurance contract explicitly states that Mutual Service will pay interest only on damages that do not exceed its policy limits. A reasonable person in the position of McLaughlin simply could not have understood this provision to mean anything else. Therefore, we conclude that Mutual Service is not liable, pursuant to its insurance contract with McLauglin, for interest imposed under Wis. Stat. § 807.01(4) on the entire verdict.

¶ 34. In addition, we acknowledge that if "amount recovered" in § 807.01(4) were interpreted to mean the entire verdict, *Knoche* may support the conclusion that an insurer cannot "free" itself of interest imposed under this section by an insurance contract. However, since we conclude that "amount recovered" under § 807.01(4) does not mean entire verdict, we conclude that the insurance contract does not contravene Wisconsin law or public policy by providing that Mutual Service is not liable for interest on damages that exceed the policy limits.

¶ 35. In conclusion, we hold that Mutual Service is liable for interest imposed under Wis. Stat. § 807.01(4) only on that amount of the verdict for which it is responsible, which is its policy limits of $100,000. This conclusion is based on: (1) the legislature's choice of the phrase "amount recovered" instead of "verdict" or "judgment" in § 807.01(4); and (2) the fact that if "amount recovered" is interpreted to mean the entire verdict, insurers will be forced to settle cases that would be more appropriately resolved at trial. We emphasize that this interpretation of "amount recovered" will not encourage insurers to deny settlement offers in reckless disregard of their insureds' interests, because the availability of a bad faith claim provides a substantial deterrent against insurers engaging in such practices.

¶ 36. We also acknowledge that an insurer may, pursuant to its insurance contract, agree to pay interest imposed under Wis. Stat. § 807.01(4) on damages above its policy limits. However, in this case, we conclude that Mutual Service did not agree to pay interest on damages above its policy limits, and that this provision of its insurance contract with McLaughlin does not contravene Wisconsin law or public policy. Thus, we affirm the court of appeals' decision, which remands this case to the circuit court for a recalculation of the interest imposed on Mutual Service.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 37. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE (*dissenting*). I dissent because I conclude that the majority opinion reaches a result that contra-

venes the text of Wis. Stat. § 807.01(4) (1995–96),[1] the purpose underlying § 807.01(4) and prior decisions.

¶ 38. I would hold that when an insurance company has the sole right and ability to settle an entire litigation, yet rejects on behalf of itself and its insured a plaintiff's offer made pursuant to Wis. Stat. § 807.01(3) to settle for an amount within the policy limits and the plaintiff subsequently recovers a total judgment greater than or equal to the amount offered, the insurer is responsible for penalty interest under § 807.01(4) on the entire amount recovered against the insurer and its insured. Such a holding would effect the legislature's purpose in enacting § 807.01(4), to encourage settlement before trial.

¶ 39. Under the majority's holding, on the other hand, the purpose of the statute is eviscerated under the facts of the present case. A party in Mutual Service's position would have virtually no incentive to settle. It could accurately gauge its maximum penalty interest (which would be determined by the policy limits) and decide whether to go to trial, imposing on the insured without the insured's consent an unknown and potentially large penalty interest.

¶ 40. The legislature enacted the § 807.01(4) interest penalty with the intent that it be calculated on an amount unknown to the recipient of the offer when the offer was made. This risk encourages settlement. On the other hand, the penalty interest imposed by the majority is calculated on a known and limited amount. The majority thus eliminates the risk of refusing to accept a settlement offer. Moreover, according to the

_____

[1] All further statutory references are to the 1995–96 volumes, the relevant parts of which remain unchanged from the statutes in effect at the time of the offer of settlement in this case.

majority opinion, the insured, to whom the plaintiff has offered settlement but who has no ability to settle, faces the possibility of penalty interest on an unknown and potentially large judgment. The majority's imposition of a known and limited penalty interest on the insurance company, the only party with the ability to settle, and the majority's imposition of an unknown and potentially large penalty interest on the insured, who has no ability to settle, does not encourage settlement and is inconsistent with the legislature's intent in enacting § 807.01(4).

¶ 41. I discuss in turn: (1) the text of the statute, (2) the purpose of the statute and (3) the application of prior cases to the present case. These three subjects are intertwined and the discussions necessarily overlap.

## I.

¶ 42. Section 807.01(4) provides that if an offer of settlement is not accepted and the party offering the settlement recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party offering the settlement is entitled to penalty interest at the annual rate of 12% on the amount recovered, from the date of the settlement offer until the amount is paid. Section 807.01(4) reads as follows:

> If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid. Interest under this section is in lieu of interest computed under ss. 814.04(4) and 815.05(8).

¶ 43. In analyzing the text of this statute, we find that one key word, "party," is used repeatedly. The word party obviously refers to the litigant offering settlement. Indeed, the entire statute focuses on the party offering settlement, not on the recipient of the settlement offer. The statute does not state who pays the penalty interest.

¶ 44. Another element of the text which might be analyzed is the phrase "amount recovered." This is the phrase upon which the majority's holding turns. The majority opinion construes the phrase "amount recovered" as "that portion of a verdict for which a party [the recipient of the offer] is responsible." Majority op. at 501.[2] Under the majority opinion's interpretation, the

---

[2] The majority relies on *American Motorists Ins. Co. v. R & S Meats, Inc.*, 190 Wis. 2d 196, 212–15, 526 N.W.2d 791 (Ct. App. 1994), to find meaning in the distinction between the word "judgment" and the phrase "amount recovered." *American Motorists* addressed a different issue, whether double costs under Wis. Stat. § 807.01(3) are part of the prevailing party's "amount recovered" such that they form a basis for additional penalty interest to which the plaintiff is entitled under § 807.01 (4). *American Motorists* did not involve multiple defendants and thus does not address which party must pay the penalty interest to which the offering party is entitled. That "judgment" and "amount recovered" have different meanings according to *American Motorists* is of no moment as both relate to the party offering to settle and neither indicates or suggests reference to the recipient of the offer.

Moreover, *American Motorists'* conclusion that "amount recovered" does not equate with "judgment" runs counter to the majority opinion's conclusion that in this case, "amount recovered" means "that portion of the verdict for which a party is responsible." The "judgment" against Mutual Service was $100,000, majority op. at 499 n.5, as was the "amount recovered" under the majority's view.

statute would read as follows: The party making the offer of settlement is entitled to penalty interest at the annual rate of 12% on that portion of a verdict for which the party who is the recipient of the offer is responsible, from the date of the offer until the amount is paid.

¶ 45. The majority adds words to the statute. The legislature did not expressly address who was to pay penalty interest to a party making an offer when there were several persons liable for a judgment. As the court of appeals has noted, the phrase "amount recovered" "raises the question 'recovered from whom?' "[3] To answer the question left unanswered in the text of the statute, I would look to the statute's purpose.

¶ 46. Instead, the majority concludes that "amount recovered" must be given a one-size-fits-all reading. Such a reading contravenes prior case law, in which the courts have examined the facts of each case to determine the applicability of § 807.01(4). Cases have determined the statute's applicability to a joint offer of settlement from multiple plaintiffs to a defendant,[4] a single offer of settlement from multiple plaintiffs to multiple defendants,[5] a joint offer of judgment from defendants who were jointly and severally

[3] *Blank v. USAA Property & Cas. Ins. Co.*, 200 Wis. 2d 270, 280, 546 N.W.2d 512 (Ct. App. 1996).

[4] *White v. General Cas. Co. of Wis.*, 118 Wis. 2d 433, 439–40, 348 N.W.2d 614 (Ct. App. 1984) (offer ineffective to invoke penalty interest under § 807.01(4)).

[5] *DeMars v. LaPour*, 123 Wis. 2d 366, 369, 366 N.W.2d 891 (1985) (offer ineffective to invoke penalty interest under § 807.01(4)).

liable to a single plaintiff,[6] an offer of settlement from a single plaintiff to multiple defendants jointly and severally liable with no one defendant having sole ability to settle,[7] and an offer of settlement from a single plaintiff to multiple defendants represented by a single insurer with the sole right and ability to settle the entire litigation.[8]

¶ 47. Thus § 807.01(4), simple on its face, has been, and must be, interpreted and applied in a variety of fact situations. By favoring a one-size-fits-all construction of the statutory text, retreating from applying the statute to distinct factual circumstances in accordance with the statutory purpose, the majority opinion disturbs settled expectations and creates as yet unknown inequities in future cases, the facts of which we cannot foresee.

¶ 48. I turn to the purpose of the statute to answer the question "recovered from whom?"

## II.

¶ 49. The principal purpose of Wis. Stat. § 807.01(4) is, as the majority recognizes, to encourage settlement before trial. *DeMars v. LaPour*, 123 Wis. 2d 366, 373, 366 N.W.2d 891 (1985); *Blank v. USAA Property & Cas. Ins. Co.*, 200 Wis. 2d 270, 279, 546 N.W.2d 512 (Ct. App. 1996). Interest paid under § 807.01(4) is

---

[6] *Denil v. Integrity Mut. Ins. Co.*, 135 Wis. 2d 373, 380–82, 401 N.W.2d 13 (Ct. App. 1986) (offer effective to invoke costs under § 807.01(1)).

[7] *Wilber v. Fuchs*, 158 Wis. 2d 158, 162, 461 N.W.2d 803 (Ct. App. 1990) (offer ineffective to invoke penalty interest under § 807.01(4)).

[8] *Testa v. Farmers Ins. Exch.*, 164 Wis. 2d 296, 303–04, 474 N.W.2d 776 (Ct. App. 1991) (offer effective to invoke penalty interest under § 807.01(4)).

referred to as penalty interest because it penalizes failures to accept settlement offers;[9] the threat of its imposition is intended to encourage settlements.

¶ 50. The majority opinion, however, states a different statutory purpose, namely "not to force a party into settlement of a suit that would more appropriately be resolved by a trial." Majority op. at 501–02. The majority opinion concludes that in the present case imposing penalty interest on the insurance company on the entire amount recovered would force settlement.

¶ 51. I disagree with this reasoning because the majority opinion confuses the unreasonable forcing of settlement proscribed by § 807.01(4) with reasonable forcing of settlement allowed under § 807.01(4) in our prior cases.

¶ 52. In concluding that imposing penalty interest on the entire amount recovered in this case would force rather than encourage settlement, the majority opinion relies on *Blank*, 200 Wis. 2d at 280.

¶ 53. In *Blank* the plaintiff offered to settle only with the insurer and not with the insured. Thus the insurer did not have the sole right and ability to agree to an offer that would have settled the entire litigation. The insurer refused the offer and judgment exceeded the amount of the offer. The insurer in *Blank* was assessed penalty interest only on the amount over which it had full settlement authority, not on the entire amount of the judgment. Imposing penalty interest on the insurer for that portion of the judgment over which it had no power to settle would have unreasonably forced settlement.

---

[9] The court of appeals has stated: "The objective of § 807.01, Stats., is to encourage pretrial settlement and avoid delays. The purpose of imposing costs and interest under subsecs. (3) and (4) is punitive." *Blank*, 200 Wis. 2d at 279 (citations omitted).

¶ 54. The *Blank* case relied in turn on *White v. General Cas. Co. of Wisconsin*, 118 Wis. 2d 433, 439, 348 N.W.2d 614 (Ct. App. 1984). *White* was the first in a line of cases culminating with *Blank* in which the court of appeals determined the application of § 807.01 to settlement offers involving multiple parties. In *White* the court of appeals concluded that § 807.01(4) did not apply to cases involving a joint offer of settlement made on behalf of individual plaintiffs. The court of appeals concluded that to include joint settlement offers under the statute might "*unreasonably* force defendants to settle a case because of the leverage exerted by the possibility of an aggregate judgment in excess of the joint settlement offer even though, as to individual plaintiffs in the lawsuit, a settlement offer would have been legitimately rejected." *White*, 118 Wis. 2d at 439 (emphasis added).

¶ 55. According to the *White/Blank* line of cases, § 807.01(4) should be read as condemning only an offer that unreasonably forces settlement, that is, an offer which the offeree cannot fairly assess in terms of its total individual liability to the litigant offering settlement. The court of appeals explained this principle as follows:

> *White* and *DeMars* do not condemn offers of settlement that can "force" settlements. Rather, they condemn offers of settlement that *unreasonably* force settlements. *White*, 118 Wis. 2d at 439. . . . Thus, a plaintiff's offer of settlement may properly be said to "force" a settlement when the defendant's motivation to settle results from an opportunity to fairly assess the offer in light of the *particular* claim made against that defendant.. . . [T]he test remains the same—does the offeree have a fair opportunity

517

to fully evaluate his or her potential individual liability to the plaintiff.

*Wilber v. Fuchs*, 158 Wis. 2d 158, 164–65, 461 N.W.2d 803 (Ct. App. 1990).

¶ 56. In the present case the settlement offer did not unreasonably force a settlement under the *White/ Blank* line of cases. Mutual Service had the opportunity to fairly assess the offer in light of the particular claim made against it and its insured, and had exclusive control of settlement of all claims against it and its insured.[10] This is not a *Blank* and *White* case.

¶ 57. The choice Mutual Service faced is the choice usually faced by a litigant to whom a settlement offer is made—settle the entire litigation for the offered amount or refuse to settle it and risk paying penalty interest on an unknown amount of damages to be determined at trial.

¶ 58. The majority gives a hypothetical example, majority op. at 502–03, of what it views as an unreasonable forcing of settlement by the imposition of penalty interest on the entire amount recovered. The majority is concerned that "insurers which provide modest policy limits will be compelled to accept pretrial settlement offers rather than risk substantial liability for interest, even where the insured's liability is questionable or the appropriate amount of damages is highly debatable." *Id.*

¶ 59. I believe that the majority opinion errs in its analysis for several reasons. An insurer in the hypothetical can fully weigh the relative costs and risks of

---

[10] In *Testa*, 164 Wis. 2d at 302–03, the court of appeals held that a single offer to an insurer and its insureds validly triggers penalty interest when the insurer covers all the defendants and the insurer is "the only party that has the right and ability to settle the case."

settling or proceeding to trial. The risk in going to trial (and paying 12% interest on the entire amount recovered by the plaintiff) may be a heavy one, but that merely tilts the scales in favor of encouraging settlement. Such is the purpose of § 807.01(4). An insurer faced with the example given by the majority should be presented with strong incentives to settle. When an insurer chooses to reject such a settlement offer it puts its insured's funds in jeopardy.

¶ 60. Furthermore, an insurer that drafts an insurance contract giving it exclusive control over offers to settle within the policy limits cannot be heard to complain that it is made to bear responsibility for what may be a difficult decision whether to settle or go to trial. It is reasonable to expect an insurer to bear responsibility for penalty interest on amounts recovered over policy limits when it reserves for itself a unilateral privilege affecting its insured.[11]

---

[11] The policy Mutual Service drafted provides: "We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. We will not defend any suit or make additional payments after we have paid the limit of liability for the coverage."

In an analogous context, commentators assert that an insurer should be liable for prejudgment interest on amounts beyond its policy limits in order to encourage settlement.

> It is argued that insurers should be held liable for prejudgment interest on the entire judgment rather than merely on their policy limits because they exercise full control over the entire litigation process. . . . It hardly seems fair to allow the insurance company to litigate the entire case in an effort to save its policy coverage and then force the insured to pay the prejudgment interest on the excess verdict when he exercised no control over the litigation process.

David J. Pierce, *Insurer's Liability for Prejudgment Interest; A Modern Approach*, 17 U. Rich. L. Rev. 621, 627 (1983) (citations

¶ 61. Under the majority's view the insurer is given virtually no incentive to settle and in fact is given every incentive to expose its insured to tremendous liability, even though the insured has no ability to protect against that risk. I conclude that in the majority's example the insurer, not the insured, should bear the risk of penalty interest; that result would be more in keeping with the purpose of the statute.

¶ 62. Thus the majority does not demonstrate that a party in Mutual Service's position would be unreasonably forced to settle if it were to pay penalty interest on the entire amount recovered.

¶ 63. Turning from the majority's hypothetical, I next consider the principles enunciated in our prior cases and apply those principles to the facts of the present case.

## III.

¶ 64. Since the enactment of § 807.01(4) in 1980, numerous cases involving multiple parties have arisen in which the validity of a settlement offer as a trigger to penalty interest has been addressed.[12] These cases

---

omitted). *See also* John Alan Appleman & Jean Appleman, *Insurance Law and Practice* vol. 8A § 4894.25 at p. 77–79 (1981) ("This would appear to be the only fair result, inasmuch as the insurer has control of the litigation.").

Prejudgment interest is not punitive but substitutes for the time value of money. The rationale underlying the prejudgment interest rule would appear to apply *a fortiori* to penalty interest because penalty interest replaces prejudgment interest when a settlement offer is refused and penalty interest has a punitive intent so as to effectively encourage settlement.

[12] The following cases set forth core principles for interpreting the interest penalty provision which the majority opinion disturbs. *DeMars*, 123 Wis. 2d at 373; *Blank*, 200 Wis. 2d at 280,

stand for three principles of general application: First, § 807.01(4) applies differently to different fact situations, consistent with the statute's purpose to encourage settlement before trial. Second, § 807.01(4) applies when the recipient of an offer has a full and fair opportunity to evaluate the offer with respect to its full exposure. Third, § 807.01(4) applies when one of multiple recipients of an offer has the sole right and ability to accept the entire offer on behalf of all recipients. Attorney Warch recently summarized these principles: "A reasonable construction of the statute's purpose would seem to be imposition of a stiff interest penalty for failure to settle a liability after being given the opportunity to do so."[13]

¶ 65. I have discussed the first principle above. In *Testa v. Farmers Ins. Exch.*, 164 Wis. 2d 296, 302–03, 474 N.W.2d 776 (Ct. App. 1991), the court of appeals stated the second principle as follows:

> As can be seen from these cases [*White, DeMars, Denil* and *Wilber*], the appellate courts have developed a standard to determine the validity of an offer of settlement or offer of judgment for purposes of invoking the double costs and interest provisions of sec. 807.01, Stats., namely, in order for the offer to be effective, the offeree must be able to fully and fairly evaluate the offer from his own independent perspective. Furthermore, where the offeree is the defendant, a full and fair evaluation entails the ability to analyze the offer with respect to the offeree's exposure.

282; *Testa,* 164 Wis. 2d at 300–05; *Wilber,* 158 Wis. 2d at 162–65; *Smith v. Keller,* 151 Wis. 2d 264, 273–76, 444 N.W.2d 396 (Ct. App. 1989); *Denil,* 135 Wis. 2d at 380–82.

[13] Stephen K. Warch, *Meeting Head On: Offers of Settlement and an Insurer's Bad Faith,* Wis. Lawyer, Oct. 1996 at 12.

(Citations omitted.)

¶ 66. The court of appeals stated the third principle as follows:

> Rural Mutual is the only party that had a real interest with respect to the settlement offer. [The defendants] were covered under the same insurance policy. That policy was issued by Rural Mutual and gave it the right to control the litigation. Furthermore, the amount of Testa's settlement offer was within the policy's liability limits. Given these facts, Rural Mutual was the only party that had the right and ability to settle the case. Therefore, Rural Mutual is the "offeree" that the law dictates must be able to fully and fairly evaluate an offer of settlement with respect to its potential liability.

*Testa*, 164 Wis. 2d at 303.

¶ 67. I would apply these principles to the present case. Mutual Service had the opportunity to fully and fairly evaluate the plaintiff's offer from its own independent perspective. It knew the full extent of its exposure and its insured's exposure were it to accept the settlement offer because the offer would have settled the entire litigation as to both the insurer and its insured for an amount within the policy limits. And Mutual Service had the sole right and ability to settle the case because of its contract with its insured.

¶ 68. Under the principles enunciated in the earlier cases, Mutual Service should pay penalty interest on the entire amount recovered, not merely on its share of that amount.

¶ 69. Because a party in Mutual Service's position has the right and ability to settle the entire case, it is the party upon which the statute must be brought to bear if the statute is to have any effect.

¶ 70. A party in Mutual Service's position could choose to pay its policy limits and settle the entire litigation. Or, in the expectation of prevailing, it could force a trial, incurring costs itself and imposing costs on its opponent, the courts, jurors and its insured. If it chose the latter course it would, under my interpretation, risk 12% penalty interest on the entire amount recovered. I believe a party in Mutual Service's position would be able to evaluate the risks and exercise a meaningful choice; it would in no way be unreasonably forced to settle if it were made to pay a 12% penalty interest on the entire amount recovered.[14] Imposing interest as a penalty on a party with no right and ability to settle, such as the insured in the present case, does not encourage settlement and would appear to be arbitrary and unfair.

¶ 71. Looking forward from the *Blank* case in which he represented the insurer and acknowledging the principles of the cases, Attorney Warch advised as follows:

> In dealing with statutory offers of settlement, insurers should remember that the unique nature of Wisconsin's direct action statute, combined with an insurer's right to control the litigation, means that if an offer of settlement directed to both an insurer and its insured is refused, and acceptance of the offer would have settled both the insurer and the insured's liability, the insurer will be assessed

---

[14] In this case Mutual Service chose a course of action. "It lost. It would be contrary to the purpose of sec. 807.01 to allow it to escape the consequence of its choice." *Knoche v. Wisconsin Mut. Ins. Co.*, 151 Wis. 2d 754, 755, 445 N.W.2d 740 (Ct. App. 1989) (imposing penalty interest on the entire valid judgment on party controlling settlement)

penalty interest on the entire verdict, regardless of the policy limits."[15]

¶ 72. Finally, I conclude that *Knoche v. Wisconsin Mut. Ins. Co.*, 151 Wis. 2d 754, 761, 445 N.W.2d 740 (Ct. App. 1989), properly understood, resolves the question presented in the case at bar. The plaintiff in *Knoche* argued that the insurer must be made to pay penalty interest on the entire valid judgment (the policy limits plus the accessible portion of the insured's estate in bankruptcy) because otherwise "[t]hey have absolutely no incentive to settle if sec. 807.01 Stats. does not require them to pay interest over the policy limits." Brief for plaintiff in *Knoche* at 16. The court of appeals held the insurer liable for penalty interest on the entire valid judgment, that is, the policy limits and the available assets of the bankruptcy estate. *Knoche*, 151 Wis. 2d at 761. The court of appeals further held that the "trial court did not err in computing the [insurer's] interest liability from the date of the settlement offer," even though the policy required only interest from the date of judgment. *Knoche*, 151 Wis. 2d at 760.[16]

---

[15] Warch, *Meeting Head On* at 12 (citing *Testa*, 164 Wis. 2d at 302 and *Knoche*, 151 Wis. 2d at 759–61).

[16] The circuit court in *Knoche* imposed penalty interest on the basis of § 807.01(4) on the entire valid judgment and not on the basis of the policy. "I conclude that, pursuant to sec. 807.01, Stats., the insurer is liable for interest at the rate of 12% on the amount plaintiff recovered from the date of the settlement offer." *Knoche v. Stracka*, No. 81-CV–3926 Memorandum Decision and Order, Circuit Court for Dane County, June 23, 1988 at 1.

Mutual Service argues a further issue addressed in *Knoche*, that even if it were liable under § 807.01(4) for penalty interest on the entire amount recovered, it was not obligated to pay any

¶ 73. As the majority points out, the court of appeals also concluded that the insurer was liable for interest on damages beyond the policy limits under the insurance policy. The majority contends that the *Knoche* court ruled solely on the basis of the terms of the insurance policy in that case and not on the basis of § 807.01(4).[17] I understand why the part of the *Knoche* opinion referred to by the majority would lead a reader to this conclusion. A study of the entire opinion and the insurance policy (which appears in the *Knoche* briefs) should disabuse a reader of the majority's view.

¶ 74. The insurance policy at issue in *Knoche* obligated the insurer to pay only interest accruing after entry of judgment and before the insurer paid the policy limits. The policy established a limit to the insurer's obligation to pay interest as follows:

This Company will pay:

amounts beyond its policy limits because of an express provision in its contract with the insured. The *Knoche* court held that the insurer could not by the insurance contract free itself of § 807.01.

The *Knoche* court held that language in the insurance contract could not limit the effect of § 807.01(4).

> We agree that this [policy] language does not obligate Wisconsin Mutual to pay interest under sec. 807.01(4), Stats., from the date of the settlement offer. Its obligation to pay interest under sec. 807.01 (4) is not, however, limited by its contract.. . .The purposes of sec. 807.01, to encourage settlement of cases prior to trial, would be subverted if the liability insurer could, by contract, free itself from the application of secs. 807.01(3) and 807.01(4). *Knoche*, 151 Wis. 2d at 760.

[17] References in *Knoche* and the majority opinion to *McPhee v. American Motorists Ins. Co.*, 57 Wis. 2d 669, 205 N.W.2d 152 (1972), are not applicable because *McPhee* predated the enactment of § 807.01(4).

. . . .

C. All interest on the entire amount of the judgment which accrues after entry of the judgment *and before this Company has paid or tendered or deposited in court the part of the judgment which does not exceed the limit of this Company's liability.*

*See* Brief for insurer in *Knoche* at 3 (emphasis added). The insurer in *Knoche* paid the limits of its liability five days after the jury returned its verdict. Thus if the insurer were paying interest on the entire judgment pursuant to the insurance policy, the insurer would have paid interest for only five days—from judgment until payment. This result would be contrary to the rest of the *Knoche* holding.

¶ 75. Neither the circuit court nor the court of appeals limited the insurer's liability for penalty interest to five days. Rather, the insurer was required to pay 12% of the entire valid judgment from the date of the settlement offer until the principal and interest were paid. *Knoche*, 151 Wis. 2d at 760. The import of the *Knoche* opinion is that the insurer must pay penalty interest on the policy limits and the non-discharged assets of the bankruptcy estate from the offer of settlement to payment. This result cannot have been reached through application of the insurance policy alone. In fact, the court of appeals expressly held that the policy did not require the insurer to pay interest for periods before judgment but that § 807.01(4) does. *Knoche*, 151 Wis. 2d at 760. Within the penalty interest the court held to be mandated under § 807.01(4) was penalty interest on the entire valid judgment. The order for judgment and judgment on remand (dated Jan. 12, 1990) supports my interpretation of the court of appeals decision.

¶ 76. The majority's holding in the case at bar, in my opinion, contravenes and silently overrules the *Knoche* case and undermines the principles supporting the line of cases interpreting § 807.01(4).

¶ 77. I conclude that when an insurance company has the sole right and ability to settle an entire litigation, yet rejects on behalf of itself and its insured a plaintiff's offer made pursuant to Wis. Stat. § 807.01(3) to settle for an amount within the policy limits and the plaintiff subsequently recovers a judgment greater than or equal to the amount offered, the insurer is responsible for penalty interest under § 807.01(4) on the entire amount recovered against the insurer and its insured. This holding, in my opinion, is consistent with the text of the statute and is mandated by the principles developed and followed in prior decisions interpreting § 807.01 and by the *Knoche* decision.

¶ 78. Accordingly, I would reverse the decision of the court of appeals and reinstate the order of the circuit court.

¶ 79. For the foregoing reasons, I dissent.

¶ 80. I am authorized to state that Justice WILLIAM A. BABLITCH and Justice ANN WALSH BRADLEY join this dissent.