STATE of Wisconsin, Plaintiff-Respondent,

v.

Delano L. TERRELL, Defendant-Appellant.

Court of Appeals

*No. 2005AP1499–CR.—Oral argument June 5, 2006.*
*—Decided July 18, 2006.*

2006 WI App 166

(Also reported in 721 N.W.2d 527.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Martin E. Kohler* and *Brian Kinstler* of *Kohler & Hart, LLP*, Milwaukee. There was oral argument by *Brian Kinstler*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *William C. Wolford*, assistant attorney general. There was oral argument by *William C. Wolford*.

Before Wedemeyer, P.J., Curley and Kessler, JJ.

¶ 1. WEDEMEYER, P.J. Delano L. Terrell appeals from non-final orders denying his motions seeking to dismiss the charges against him.[1] Terrell was charged with one count of misconduct in public office and one count of second-degree sexual assault; sexual contact or intercourse by a correctional staff member, contrary to Wis. Stat. § 940.225(2)(h) (2003–04).[2] Terrell contends that the trial court erred when it denied his motions to dismiss because he is not a "correctional staff member" as that term is used within the charging statute. Because we conclude that, based on the plain meaning of the statute, Terrell is not a "correctional staff member" under the undisputed facts in this case, we reverse and remand with directions to the trial court to dismiss the charge.

## BACKGROUND

¶ 2. On February 24, 2004, Terrell was employed by the Milwaukee County Sheriff's Department, working as a bailiff at the Milwaukee County Courthouse. Crystal C., an inmate at the Milwaukee House of Correction, alleged that on February 24th, she was bussed from the House of Correction to the Milwaukee County Criminal Justice Facility staging area. She testified at the preliminary hearing that Terrell took her and another female inmate from the criminal justice facility staging area to the courthouse holding cell. After some time, Terrell took Crystal from the

---

[1] We granted Terrell's petition for interlocutory appeal by order dated June 23, 2005.

[2] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

holding cell area in the courthouse to a room with a sign that read: "Jury Room, no admittance." Terrell then led her through that door, across the room, and into a small bathroom. He closed and locked the bathroom door, and said to her, "I would fall in love with you but I'm too old." He removed Crystal's handcuffs and belly chains. According to Crystal, Terrell then lifted up her shirt and pushed her bra up, exposing her breasts. Terrell then licked and sucked her breasts, pulled down her pants and underwear and then licked her vaginal area. After that, Terrell unzipped his pants, removed his erect penis, and masturbated to ejaculation while rubbing her bare buttocks. Crystal then put her clothes back on. Shortly thereafter, Terrell put Crystal's handcuffs and belly chains back on and returned her to the holding cell area. He told her not to tell anyone about the incident. Terrell contests Crystal's account.

¶ 3. On May 13, 2004, Terrell was charged with one count of misconduct in public office and one count of second-degree sexual assault (sexual contact or intercourse by a correctional staff member). On January 14, 2005, Terrell filed a motion to dismiss on the ground that he was not a "correctional staff member" as defined by the clear language of the statute. A hearing was held on Terrell's motion on January 26, 2006. The trial court denied Terrell's motion to dismiss, ruling that the legislature intended the statute to cover deputies assigned as bailiffs.

¶ 4. On February 22, 2005, Terrell filed a second motion seeking dismissal, alleging that the term "correctional staff member" was unconstitutionally vague. Terrell included the legislative history of the statute and argued that the trial court's interpretation of the statute constituted an unforeseeable and retroactive judicial expansion of narrow and precise statutory

language, rendering the statute unconstitionally vague when applied to him. The trial court again denied Terrell's motion on April 25, 2005. Written orders denying both motions were issued.

¶ 5. Terrell filed a petition with this court seeking to file an interlocutory appeal from the trial court orders and requesting a stay of the trial court proceedings. We granted Terrell's petition for leave to appeal and ordered a stay of the trial court proceedings.

## DISCUSSION

¶ 6. The issue in this case is whether Terrell is a "correctional staff member" as that term is used within WIS. STAT. § 940.225(2)(h). Statutory interpretation involves a question of law, which we review independently. *Reyes v. Greatway Ins. Co.*, 227 Wis. 2d 357, 364–65, 597 N.W.2d 687 (1999); *Nelson v. McLaughlin*, 211 Wis. 2d 487, 495, 565 N.W.2d 123 (1997). The purpose of statutory interpretation is to discern the intent of the legislature. *McEvoy v. Group Health Coop.*, 213 Wis. 2d 507, 528, 570 N.W.2d 397 (1997). To determine this intent, we look first to the plain language of the statute. *Id.* If the language of the statute clearly and unambiguously sets forth the legislative intent, it is our duty to apply that intent to the case at hand and not look beyond the statutory language to ascertain its meaning. *Reyes*, 227 Wis. 2d at 365.

¶ 7. Here, the statute at issue, WIS. STAT. § 940.225(2)(h) provides that whoever "[h]as sexual contact or sexual intercourse with an individual who is confined in a correctional institution if the actor is a correctional staff member" is guilty of a Class C felony. The definitions section of this statute defines "correc-

tional staff member" as "an individual who works at a correctional institution, including a volunteer." Wis. Stat. § 940.225(5)(ad).

¶ 8. In examining the plain language of the statute, in light of the stipulated facts of this case, we conclude that the statute does not extend to a Milwaukee County sheriff's deputy, who was assigned to work as a bailiff in the courthouse. It is stipulated by the parties that Terrell was an employee of the sheriff's department and that he was assigned to work as a bailiff in the courthouse. The courthouse is not a "correctional institution." Thus, based on the plain language of this statute, Terrell is not a "correctional staff member."

¶ 9. The State argues, however, that because Terrell, as part of his duties, enters the Milwaukee County Criminal Justice Facility to bring inmates from the staging area to the court holding cells, he does *work* at a correctional institution. It is undisputed that the Milwaukee County Criminal Justice Facility is a correctional institution. We cannot agree with the State's contention.

¶ 10. Terrell was assigned to work as a bailiff at the courthouse. It is undisputed that the courthouse is not a correctional institution. The plain meaning of the statutory phrase "works at a correctional institution" does not include Terrell. Although Terrell's work as a bailiff causes him to enter the criminal justice facility to move inmates from that building to the courthouse, such incidental conduct does not fall under the plain meaning of "work[ing] at a correctional institution." Rather, the plain meaning of the statutory language applies to all those whose "work" is central to the function of a correctional institution, and which takes

place within the walls of the correctional institution. Thus, if Terrell had been assigned to work at the criminal justice facility, he clearly would be a "correctional staff member." His assignment, however, was not the jail, but the courthouse. To interpret the plain language otherwise would result in absurd conclusions. *See State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 10 (we avoid interpretations which lead to absurd results).

¶ 11. Accordingly, we conclude that Terrell's "work" was at the courthouse. His courthouse work required him to enter the criminal justice facility to retrieve inmates. He then escorted those inmates to the court holding cell and to the courtroom for their appearances. Under these facts and circumstances, the trial court erred in concluding that Terrell was a "correctional staff member" as that term is used in the statute. The plain meaning of the statutes involved clearly applies to those who work within the criminal justice facility, not to a courthouse bailiff who enters the facility simply to move inmates to the courthouse. Terrell's counsel pointed out at oral argument in this court that if the legislature wanted to include bailiffs who have contact with inmates, it certainly could do so. The statute at issue here, however, does not extend to cover those deputies assigned to work as bailiffs in the courthouse. Defense counsel also noted that even though this particular statute does not apply, Terrell could be charged under the general sexual assault statute based on the allegations in the complaint.

¶ 12. Based on the foregoing, we reverse the orders of the trial court and direct the trial court to dismiss the complaint against Terrell based on violations of Wis. Stat. § 940.225(2)(h). We conclude that under the stipulated facts and circumstances presented

in this case, Terrell does not satisfy the definition of "correctional staff member" as that term is used in the pertinent statutes.[3]

*By the Court.*—Orders reversed and cause remanded with directions.

---

[3] Based on our disposition of this case, we need not reach Terrell's second issue regarding the unconstitutionality of the statute. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need to be addressed).