WAUWATOSA AVENUE UNITED METHODIST CHURCH,
Plaintiff-Appellant,†

v.

CITY OF WAUWATOSA, A Municipal Corporation,
Defendant-Respondent.

Court of Appeals

*No. 2009AP202. Submitted on Briefs August 25, 2009.*
*—Decided October 6, 2009.*

2009 WI App 171

(Also reported in 776 N.W.2d 280.)

† Petition to Review denied 1/12/10.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Thomas L. Frenn* of *Petrie & Stocking S.C.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *William P. Dineen*, of counsel, *Crivello Carlson, S.C.*, Milwaukee.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. BRENNAN, J.   Wauwatosa Avenue United

Methodist Church ("United Methodist") appeals the circuit court's order denying its motion for summary judgment and upholding the decision of the City of Wauwatosa (the "City") tax assessor. The circuit court found that WIS. STAT. § 70.11(4) (2007–08)[1] did not provide a tax exemption for the church-owned residence of the church custodian. On appeal, United Methodist argues for extending the tax exemption beyond the present statutory list set forth in § 70.11(4) to include residences of persons who are "integral to the functioning of the church." The City responds that neither the plain language of the statute nor case law supports that expanded test, and that under the existing test the church custodian's residence does not qualify for the tax exemption of § 70.11(4). We agree with the City and affirm the circuit court.

FACTUAL BACKGROUND

¶ 2. United Methodist appeals the 2007 taxes imposed on its custodian's residence. The facts are undisputed. United Methodist owns the building at 1513 Wauwatosa Avenue in the City of Wauwatosa. The building is adjacent to United Methodist and is used by the church custodian as his residence. As a condition of his employment, the custodian must be available to United Methodist on short notice, twenty-four hours a day, for maintenance, security and opening and closing the church. United Methodist makes no claim that the custodian is a pastor or other religious leader.

¶ 3. United Methodist and the residence were removed from the City's tax rolls in 1978. Since before 1982 until 1994, United Methodist's associate pastor

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

798

lived in the residence. In 1994, the custodian moved into the residence and has lived there since.

¶ 4. Recently, the City undertook a review of the tax-exempt property in the City. As part of that process, in August 2007, the City sent a letter to United Methodist, advising it that it must submit an application for tax exemption. United Methodist timely filed the application seeking tax-exempt status for the custodian's residence and asked for a hearing before the Wauwatosa Common Council on its application. The City did not offer a public hearing and denied the application.

¶ 5. United Methodist filed a declaratory judgment complaint in Milwaukee County Circuit Court and a motion for summary judgment seeking a declaration of its entitlement to the tax exemption and a refund of its 2007 taxes for the property. The circuit court denied United Methodist's motion for summary judgment and upheld the decision of the City's tax assessor.[2] This appeal followed.

## STANDARD OF REVIEW

¶ 6. This case involves the application of Wis. Stat. § 70.11(4) to undisputed facts. This is a question of law that we review *de novo*. *See Nelson v. McLaughlin*, 211 Wis. 2d 487, 495, 565 N.W.2d 123 (1997). The

[2] The City did not file a summary judgment motion but filed a brief and affidavit in opposition to United Methodist's summary judgment motion. In denying United Methodist's summary judgment motion and upholding the City tax assessor's decision, the circuit court must have implicitly been relying on Wis. Stat. § 802.08(6), JUDGMENT FOR OPPONENT, although it does not explicitly say so. This is consistent with United Methodist's statement of the facts in its appellate brief, which refers to the circuit court's order as a grant of summary judgment to the City.

purpose of statutory interpretation is to discern the intent of the legislature. *McEvoy v. Group Health Coop.*, 213 Wis. 2d 507, 528, 570 N.W.2d 397 (1997). To determine this intent, we look first to the plain language of the statute. *Id.*

¶ 7. In reviewing a claim for tax exemption, the burden of proving entitlement to the exemption is on the one seeking the exemption. "To be entitled to tax exemption the taxpayer must bring himself within the exact terms of the exemption statute." *Sisters of Saint Mary v. City of Madison*, 89 Wis. 2d 372, 379, 278 N.W.2d 814 (1979). "While the statute must be given a strict construction in favor of taxation, the modern rule is that the statute must be given a 'strict but reasonable' construction." *Id.* (citing *Columbia Hosp. Ass'n v. City of Milwaukee*, 35 Wis. 2d 660, 668–69, 151 N.W.2d 750 (1967)). "Consequently, any doubt under the 'strict but reasonable' construction rule must be resolved against the party seeking the exemption." *Deutsches Land, Inc. v. City of Glendale*, 225 Wis. 2d 70, 81, 591 N.W.2d 583 (1999) (citing *Columbia Hosp.*, 35 Wis. 2d at 668).

### DISCUSSION

¶ 8. United Methodist argues that the church-owned residence of the church custodian should be tax-exempt under WIS. STAT. § 70.11(4), even though it admits that the church custodian is not one of the persons listed in the statute as entitled to the exemption. United Methodist, citing language from *Midtown Church of Christ, Inc. v. City of Racine*, 83 Wis. 2d 72, 264 N.W.2d 281 (1978), argues that the custodian is "integral to the functioning of the church" and therefore his residence should be tax-exempt. *See id.* at 75.

United Methodist admits that it is arguing for a new, more inclusive test to determine a party's tax-exempt status under § 70.11(4) but contends that the proposed test is consistent with the existing case law.

¶ 9.   In arguing for a new test, United Methodist maintains that prior case law has recognized that the legislature did not intend the statutory list of exempt persons to be exhaustive and that the purpose of the statute is to create tax-exempt housing for those persons whose work is "integral to the functioning of the church." *See Midtown*, 83 Wis. 2d at 75. While the City does not dispute that the statutory list is not exhaustive, it nonetheless argues that granting the church custodian's residence tax-exempt status is inconsistent with the purpose of the WIS. STAT. § 70.11(4) exemption. We agree with the City that, under the plain language of the statute and existing case law, the residence of the church's custodian is not entitled to the tax exemption.

¶ 10.   WISCONSIN STAT. § 70.11 provides forty-four exemptions to the state tax laws. One of those subsections, (4), applies to churches and housing for church religious leaders. Section 70.11 states in pertinent part:

Property exempted from general property taxes is:

(4) ... RELIGIOUS AND BENEVOLENT INSTUTUTIONS .... Property owned and used exclusively by ... churches or religious ... or benevolent associations ... and also including property owned and used for housing for pastors and their ordained assistants, members of religious orders and communities, and ordained teachers.

Under the plain language of the statute, this particular exemption depends on two things:   (1) whether the residence is "owned and used exclusively" by the church; and (2) whether it is housing for any of four listed

categories of persons, namely, pastors, ordained assistants, members of religious orders and communities or ordained teachers.

¶ 11. United Methodist's principal argument addresses the second of the above two prerequisites: whether the housing is for one of the four listed categories of persons. It is undisputed here that United Methodist's custodian is not a pastor, an ordained assistant, a member of a religious order or an ordained teacher. It is undisputed that the custodian's function is maintenance, security and opening and closing the buildings. Nonetheless, United Methodist argues that the test for exempt church housing under WIS. STAT. § 70.11(4) should be expanded to include housing for the custodian because he "is integral to the functioning of the church," relying on language from *Midtown*. *See id.*, 83 Wis. 2d at 75. We agree that *Midtown* is controlling, but we conclude that it compels the opposite result.

¶ 12. The Wisconsin Supreme Court held in *Midtown* that the church-owned residence occupied by the pastor's widow was not tax-exempt under WIS. STAT. § 70.11(4), because she was not a member of any of the listed groups in the statute entitled to the tax exemption. *Midtown*, 83 Wis. 2d at 72–73, 76. The church claimed that the pastor's widow "was a 'member of a religious order and community' " under § 70.11(4) because she, and all church members, considered themselves missionaries of the church. *Midtown*, 83 Wis. 2d at 73–74.

¶ 13. In rejecting the church's claim, the court ultimately concluded that the pastor's widow did not fall within the statutory exemption for "members of religious orders and communities" because the plain words of the statute demonstrated an intent by the

legislature to limit the applicability of the exemption to only those "religious persons" with "official leadership roles" in the church:

> The limited scope of the exemption granted by [Wis. Stat. §] 70.11(4) can similarly be seen in the words and phrases associated with the phrase "members of religious orders and communities," *i.e.,* "pastors," "their ordained assistants" and "ordained teachers." *This list of religious persons whose housing is exempt includes only those persons who have official leadership roles in the activities of the congregation.*

*Midtown*, 83 Wis. 2d at 75 (footnote omitted; emphasis added).

¶ 14.   The court concluded that it would be contrary to the legislature's intended *limited* scope of the Wis. Stat. § 70.11(4) tax exemption to permit members of a church to call themselves missionaries and by self-definition entitle themselves to the tax exemption for "members of religious orders and communities":

> For this court to extend the property tax exemption to a house occupied by a member of a religious group merely because a sect designates all its congregation "missionaries," or designates all its congregation "members of a religious order and community," would be inconsistent with the statutory purpose of exempting from property taxation housing occupied by that limited group of people whose employment is integral to the functioning of the church.

*Midtown*, 83 Wis. 2d at 75.

¶ 15.   United Methodist cites the final phrase of this sentence, "integral to the functioning of the church," as support for its argument for a new test for exemption. But United Methodist takes the phrase out of context. The court relies on the phrase "integral to

803

the functioning of the church" to define which "member of a religious group" the legislature intended to exempt from taxes under Wis. Stat. § 70.11(4). *See Midtown*, 83 Wis. 2d at 75. What the court actually said was that the statutory purpose was to exempt a "limited group" who were "member(s) of a religious group" *and* "integral to the functioning of the church." *Id.* at 75. The importance of the exemption's religious component is reinforced by the court's statement that the "list of religious persons whose housing is exempt includes only those persons who have official leadership roles in the activities of the congregation." *Id.* The court went on to note that the pastor's wife was "not part of a religious community living apart from the secular community and she is not part of a unified religious group living communally, she is not a member of a religious order and community within the common usage of that phrase." *Id.* at 76. Hence, the property was not tax-exempt.

¶ 16.  Here, United Methodist makes no claim that the church custodian is a "member of a religious group" who fits within any of the four listed exempt categories, nor could it. It is not enough under Wis. Stat. § 70.11(4) or *Midtown* that the custodian's employment serves the church. It is the church's burden to show that the custodian fits within "the exact terms of the exemption statute," and United Methodist has failed to meet that burden here. *See Sisters*, 89 Wis. 2d at 379. Even under the broader "strict but reasonable" test, the church custodian serves no religious leadership purpose of any kind and is clearly not included within § 70.11(4)'s list of individuals granted tax exemptions. *See Sisters*, 89 Wis. 2d at 379 (citation omitted).

¶ 17.  United Methodist also argues that under the holding in *Sisters* its custodian's residence should be tax-exempt because the custodian's residence, like the

hospital chaplain's residence in *Sisters*, was "used exclusively" by the institution seeking the exemption and was therefore "reasonably necessary to the efficient functioning of the . . . organization." *See id.* at 382 (citation omitted). United Methodist's reliance on *Sisters* is misplaced because that case is factually and procedurally distinguishable.

¶ 18. The court in *Sisters* was construing two subsections of Wis. Stat. § 70.11: § 70.11(4), the subsection for churches and benevolent associations, among others, and § 70.11(4m), which relates to tax exemptions for nonprofit hospitals but which contains the same "used exclusively" language as § 70.11(4). At issue in *Sisters* was whether the residence of the hospital's chaplain, who was an ordained Roman Catholic priest, was tax-exempt. *Id.*, 89 Wis. 2d at 377–78. The hospital made two arguments for the exemption: (1) that the chaplain fit within the exemptions granted to benevolent institutions in § 70.11(4) because he performed a role similar to a "pastor," *see Sisters*, 89 Wis. 2d at 384; and (2) that his residence was "used exclusively for the purposes" of the hospital and was therefore tax-exempt under § 70.11(4m), *see Sisters*, 89 Wis. 2d at 382.

¶ 19. As to the hospital's first argument, the Wisconsin Supreme Court held in *Sisters* that the hospital chaplain was included within the meaning of "pastor" in Wis. Stat. § 70.11(4), even though he was not a traditional pastor of a permanent congregation, because he "performs significant official religious functions for the sisters and patients at St. Mary[], administering to their religious needs and providing spiritual guidance when requested." *Sisters*, 89 Wis. 2d at 387.

¶ 20. That part of the *Sisters* holding does not support United Methodist's claim for the exemption for

the custodian, however, because, as we have noted above, the church custodian performs no "significant official religious function[]" at all. *See id.* He is neither a pastor nor any kind of religious leader. He fits none of the listed exemptions in Wis. Stat. § 70.11(4).

¶ 21. Neither does the second part of the holding in *Sisters* support United Methodist's claim for the exemption. The supreme court noted with regard to Wis. Stat. § 70.11(4m) that "[t]o be entitled to a tax exemption under this section, Sisters of St. Mary has the burden of showing that the chaplain's residence is property *used exclusively for the purposes* of St. Mary[']s Hospital [Medical] Center." *Sisters*, 89 Wis. 2d at 380 (emphasis added). The court in *Sisters* adopted the test from *Columbia Hospital* for determining the purpose of a hospital, namely, determining what is " 'reasonably necessary to the efficient functioning of the hospital as an organization.' " *Sisters*, 89 Wis. 2d at 382 (quoting *Columbia Hosp.*, 35 Wis. 2d at 671).

¶ 22. Applying the *Columbia Hospital* test, the court in *Sisters* found that the hospital's purpose included both the spiritual, as well as the physical, care of the staff and patients. *Id.* at 383–84. Because the chaplain's duties included twenty-four-hour spiritual care of the sisters who staffed the hospital, as well as patient spiritual care, the court concluded that the chaplain's residence was used exclusively for the purpose of the hospital and was therefore exempt under Wis. Stat. § 70.11(4m). *Sisters*, 89 Wis. 2d at 383–84.

¶ 23. United Methodist's argument, that the custodian's residence is "used exclusively" for the purposes of the church, fails. The purpose of a church is spiritual formation and guidance. It cannot be said that the church custodian is reasonably necessary to the functioning of the church. The custodian has nothing to

do with the mission or function of the church. It is undisputed that he is not a religious leader of any kind. Although he indirectly serves the church, his main work is not integral or necessary to the functioning of the church in its primary purpose, which is spiritual guidance and formation. His role is distinguishable in that regard from that of the hospital chaplain whose spiritual ministrations are a reasonable and necessary part of the care of the sick. Accordingly, United Methodist has failed to meet its burden of showing that the residence of the church custodian is "used exclusively" for the purposes of the church.

¶ 24. United Methodist raises two final issues, alleging procedural failures of the City that United Methodist claims entitles the church to the tax exemption. First, United Methodist argues that in order to tax the custodian's residence, the City is required under WIS. STAT. § 70.11 to present proof that the use of the church custodian's residence changed from 2006 to 2007. Because the City did not present such proof, United Methodist argues that it is entitled to the tax exemption. United Methodist relies on the introductory sentence of § 70.11: **"Property exempted from taxation.** The property described in this section is exempted from general property taxes . . . if it was exempt for the previous year and its use, occupancy or ownership did not change in a way that makes it taxable." The City argues that § 70.11 does not require it to show that the use of the property changed, but rather that the use for the tax year in question, 2007, was not exempt. We agree with the City.

¶ 25. "To be entitled to tax exemption," under WIS. STAT. § 70.11, "the taxpayer must bring himself within the exact terms of the exemption statute." *See Sisters*, 89 Wis. 2d at 379. The burden is on United Methodist,

not the City. As we have stated above, United Methodist has not demonstrated that the church custodian is one of those persons whose residence falls within the exact terms of the statute, and accordingly, it is not entitled to the tax exemption. It would be contrary to the language of the statute and the case law noted above if United Methodist were to qualify for the tax exemption merely because the City did not show that the use of the property changed from 2006 to 2007. We are to avoid absurd results when construing statutes. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110.

¶ 26.  We note that it is undisputed here that the City took this property off the tax rolls in 1978. Until 1994, the associate pastor lived in the residence. The City learned that the custodian lived in the property when United Methodist applied for the 2007 tax exemption as part of the City's three-year review of tax-exempt property. WISCONSIN STAT. § 70.11, in the context of this case, does not foreclose the City from requiring an application for tax exemption for tax-year 2007 and requiring United Methodist to meet its burden under the law by showing that it was entitled to the tax exemption.

¶ 27.  Finally, United Methodist argues that WIS. STAT. § 74.35 requires the City to hold a public hearing with its common council for determination of a tax exemption claim. United Methodist argues that because the City did not hold a public hearing, this matter should be remanded for a hearing. The City responds that the issue is waived because it was not argued before the circuit court and because the statute does not require a hearing before the common council on a claim for tax exemption. As the City correctly points out, § 74.35 is the exclusive procedure a taxpayer may use

808

for obtaining a *return* of tax money paid to the City. It is not a required procedure for the City to follow in determining whether to grant or deny an exemption.

■

¶ 28. WISCONSIN STAT. § 74.35 is entitled, "**Recovery of unlawful taxes.**" Section 74.35(2) clearly states that "[a] person aggrieved by the levy and collection of an unlawful tax . . . may file a claim to recover the unlawful tax." It is obvious from this language that a prerequisite to the claim is the actual payment of the tax. We conclude that § 74.35 does not require the City to hold a public hearing on the issue of whether the church custodian's residence should be tax-exempt.

■

¶ 29. For all of the foregoing reasons, United Methodist has not met its burden of showing that it is entitled to the tax exemption for the church-owned residence of the church custodian under WIS. STAT. § 70.11(4). Accordingly, we affirm the order of the circuit court.

*By the Court.*—Order affirmed.